### BLACKSTOCK v. SANDSTROM, Director, Department of Corrections.
No. H.C. 74-888.
Circuit Court, Dade County.
February 6, 1974.

Phillip A. Hubbart, Public Defender, and Michael Von Zamft and Bennett H. Brummer, Assistant Public Defenders, for the petitioner.

Richard E. Gerstein, State Attorney, and John P. Durant, Assistant State Attorney, for the respondent.

RALPH B. FERGUSON, Jr., Circuit Judge.

*Final judgment in habeas corpus:* This cause came on to be heard on petitioner's application for habeas corpus relief and an order to show cause issued by this court on February 1, 1974. The court having heard counsel for the parties and being otherwise advised in the premises, upon consideration makes the following findings of fact and conclusions of law —

The petitioner was incarcerated and restrained of his liberty in the Dade County Stockade and has been so restrained by the respondent since January 25, 1974.

Respondent Jack Sandstrom is the director of the Dade County Department of Corrections and Rehabilitation and in that capacity controls and operates the Dade County Stockade.

The petitioner is indigent and was indigent at all times relevant hereto.

The petitioner was tried on July 10, 1973, in case number X-360-725, in the county court before the Honorable Stuart M. Simons, on a charge of driving in violation of driver license restrictions. Petitioner pled guilty and was sentenced to pay a fine of $100, which sentence was stayed until August 10, 1973.

The petitioner was tried on September 28, 1973, in case number G 820-310, in the county court before the Honorable Meek Robinette, on a charge of driving while license under suspension. Petitioner pled guilty and was sentenced to pay a fine of $450 and courts costs of $50, which sentence was stayed for a period of one year. At the same time the court set an alternative sentence of ten days in the county jail if there was a default in the payment of the fine.

The petitioner was not represented by counsel at the trials on July 10, 1973, and September 28, 1973, or at any relevant time until the filing of this petition.

The court dockets do not reflect any affirmative waiver of petitioner's right to counsel and, in fact, petitioner has not waived this right.

The petitioner did not make any of the scheduled installment payments because his indigency prevented him from doing so.

On November 24, 1973, without hearing to afford him an opportunity to explain his non-payment of the fines and without inquiry into his past or future ability to pay the fines and costs, the trial judges signed ex parte commitment orders numbered 154879 and 154878 commanding all state law enforcement officers to execute on fines of $450 and $100 and $50 costs or imprison the petitioner for 32 and 7 days on the respective convictions.

Commitment order no. 154879, signed by Judge Robinette, which ordered the petitioner imprisoned for a period of 32 days was in direct conflict with the initial sentence of the court on September 28, 1973. Thus, the judge increased the petitioner's sentence by issuing an ex parte order, without affording him notice or opportunity to be heard.

The petitioner was taken into custody on January 25, 1974, pursuant to the aforementioned commitment orders.

The issuance of these commitment orders was violative of the petitioner's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §9 of the Florida Constitution; violative of the petitioner's right to counsel, Argersinger v. Hamlin, 407 U.S. 25 (1972), 92 S.Ct. 2006; and violative of the petitioner's right to the equal protection of the laws, Tate v. Short, 401 U.S. 235, 91 S.Ct. 668 (1970).

The assessment of court costs against the petitioner, an indigent, violated the express provisions of Florida Statute §939.15 and the due process and equal protection clauses of the constitutions of the state of Florida and the United States.

Accordingly it is ordered and adjudged as follows — (1) The petition is granted. (2) The petitioner shall remain at liberty on his own recognizance pending further order of the county court consistent with this judgment. (3) The commitment orders discussed above are vacated and set aside. (4) The order assessing court costs in the amount of $50 discussed above is vacated and set aside.